## Henderson v. Port Authority of Allegheny County

*David R. Brown*, for plaintiffs.
*G. N. Evashavik*, for defendant.

WETTICK, *J.*, March 12, 1979—Plaintiff, Howard Henderson, instituted an arbitration action to recover no-fault benefits for injuries allegedly arising out of a December 30, 1976, traffic accident

involving a collision between a Port Authority of Allegheny County (PAT) bus and an automobile. Subsequently, Mr. Henderson filed a second action in the civil division, general docket, in which he apparently seeks damages in excess of $10,000 for personal injuries not compensated by no-fault benefits arising out of the same accident.[1]

PAT—which is the only defendant in the arbitration action and one of two defendants in the general docket action (the other defendant apparently being the driver of the automobile with which the PAT bus collided)—has filed a petition to consolidate these actions. Mr. Henderson opposes this petition and requests that the arbitration action be heard on its scheduled date.

We agree with counsel for PAT that issues regarding the extent and cause of Mr. Henderson's injuries may be common to both proceedings. Thus by consolidating the cases for trial, we insure that the parties and the court shall not be put to the task of trying the same issues on more than one occasion. Nevertheless, we deny PAT's petition to consolidate these actions because we believe that a consolidation of the no-fault claim with the claim for nonpecuniary damages may defeat the purposes of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, art. I, sec. 101, et seq., 40 P.S. §1009.101 et seq.

The No-fault Motor Vehicle Insurance Act establishes "a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims" (§102(b)) to "save and restore the lives of countless victims" (§102(a)(9)). This legislation

---

1. Plaintiff commenced this second action by praecipe and has not yet filed a complaint.

seeks to accomplish this goal by requiring payment of the basic loss benefits promptly and without regard to fault in order to give the victim the opportunity to purchase without delay comprehensive medical and rehabilitative services. Under this legislation, the insured is required to pay medical, rehabilitative and work-loss benefits monthly as loss accrues (§102(a)(1)). To encourage compliance with this requirement, an interest charge of 18 percent per annum and counsel fees are awarded against the no-fault carrier that does not promptly pay basic loss benefits (secs. 106(2), 107). Also the No-fault Motor Vehicle Insurance Act permits a court upon application of any party to enter an order imposing responsibility on a no-fault carrier to provide payments for medical and rehabilitative services (secs. 404, 405).

These provisions of the No-fault Motor Vehicle Insurance Act show a clear legislative intent that courts utilize procedures designed to resolve promptly the claims of motor vehicle accident victims for no-fault benefits.[2] Because a personal injury claim raises additional issues, involves additional parties in many instances, and requires additional discovery and preparation, consolidation of the no-fault claim with the personal injury claim is

---

2. See Long v. Rockwood Insurance Co., 5 D. & C. 3d 457 (1978), where the Philadelphia Common Pleas Court, in holding that a claim under the No-fault Motor Vehicle Insurance Act for medical and work loss benefits may be commenced by petition and rule, said: "It is our view that the intent of the legislature as expressed in its findings, declared purpose, and provisions for prompt payment of no-fault benefits is to permit a claimant to proceed against an obligor-carrier in a relatively speedy and inexpensive manner to compel prompt payment." at 462.

inconsistent with the goals of the No-fault Motor Vehicle Insurance Act.

Through the enactment of the No-fault Motor Vehicle Insurance Act, the legislature has separated the claim of the motor vehicle accident victim for no-fault benefits from this victim's claim for personal injuries in order to insure prompt and certain payment of medical, rehabilitative and work-loss benefits. And we should not use our rules of civil procedure governing consolidation (Pa.R.C.P. 213) to postpone the resolution of the no-fault claim until the personal injury claim can be tried, because by doing so, we would be denying the motor vehicle accident victim significant substantive rights (i.e., the right to prompt payment of no-fault benefits) which the legislature sought to provide.

Furthermore, even if the consolidation of the no-fault and personal injury claims would not undercut the No-fault Motor Vehicle Insurance Act, this consolidation may be undesirable for several reasons. First, the consolidation would require that all evidence regarding medical expenses and lost wages be presented to a jury which is deciding the personal injury claim for benefits not provided under the No-fault Motor Vehicle Insurance Act. Second, the existence of insurance coverage would receive greater emphasis. Third, in certain cases, it may be confusing to a jury to consider both claims in which fault is not an issue and claims in which fault is the controlling issue.[3] See, generally, Ber-

---

3. In this opinion, we rule only that the No-fault Motor Vehicle Insurance Act bars consolidation which postpones resolution of the no-fault claim. Thus the considerations set forth in this paragraph become relevant in cases in which the proposed consolidation would not interfere with the prompt resolution of the no-fault claim.

kebile v. Nationwide Insurance Co., 6 D. & C. 3d 243 (1977).

For these reasons, we deny PAT's petition to consolidate.

## ORDER

Now, March 12, 1979, it is hereby ordered that the petition to consolidate of Port Authority of Allegheny County is denied.